*Copeland* vs. *Loan.*

COPELAND vs. LOAN.

In an action on a note given for the purchase of a tract of land, a plea alleging a want of title in the vendor, should shew specifically the defect in his title. It is not sufficient to allege generally that he had no title, or that the fee simple is in another.

## ERROR to Jackson Circuit Court.

LEONARD & BAY, *for Plaintiff in Error, contended:*

1st. The pleas contain a good defence to the action, and the demurrer was therefore improperly sustained. The consideration of a note may be always enquired into in a suit on the note between the original parties. Hills vs. Bannister, 8 Cowen, 31. Pearson vs. Pearson, 7 J. R. 26. Schoonmaker vs. Roosa, 17 J. R. 303. Rann vs. Hughes, 7 Term R. 350, note. Slade vs. Halsted, 7 Cowen, 322. See also R. S., 1845, title "Practice," 832, sections 19, 20, 21.

2nd. The facts stated in the pleas show a total failure of consideration ;—a note given for the purchase money of land to which the vendor had no title, is without consideration. Frisbee vs. Hoffnagle, 11 J. R. 50. Jones vs. Shaver, 6 Mo. R. 642.

STRINGFELLOW, *for Defendant in Error :*

1st. The first plea is defective ; the fraud set forth not being fraud in procuring the note, but merely fraudulent representations of the consideration of the note.

2nd. The pleas alleging a failure of consideration, are defective in not setting out the contract between the parties for the sale of the land. It should appear whether the contract was reduced to writing. It is submitted that when the vendor has given to the vendee a title bond, or covenanted to make a deed, the vendee must rely upon his covenant, unless he shew by his plea that the vender is insolvent, or other cause sufficient to warrant this defence. A Court of law has no power to compel the vendee to surrender his covenant, and thus place the parties in their original situation by rescinding the contract ; and hence, will not enable the vendee to avoid the payment of the purchase money, and still hold the vendor bound to make a title. Bruffey vs. Brickey, 5 M. R. 400.

SCOTT, J., *delivered the opinion of the Court.*

The defendant in error brought an action by petition in debt, on a primissory note, executed by the plaintiff in error. The plaintiff in error filed four special pleas, alleging in substance, that the note sued on was obtained by fraud and misrepresentation in this, that the said Loan, the defendant in error, fraudulently represented himself to the plaintiff's in error, to be the owner of a lot of ground in the town of Independence, which he sold to them for the sum of $500—$100 of which was paid, and that the note in suit was given for the balance. That the said defendant was not, at the time of sale, and is not, the owner of the said lot of ground. The two last pleas allege also that the fee simple of the lots is in the County of Jackson. There was a demurrer to these pleas, and judgment given on the demurrer for the defendant in error ; afterwards, the plea of *nil debit*, which had been filed, was withdrawn, and judgment entered for the defendant in error.

*Copeland* vs. *Loan.*

It may be conceded, that independently of the late statute in an action on a promissory note, a total failure of consideration might be set up as a defence, in order to defeat a recovery. *Cook* vs. *Greenleaf,* 2 Whea. 13. *Frisbee* vs. *Hoffnagle,* 11 John. 50. In both of these cases the consideration of the notes sued on was the conveyance of land, and from the report of them, it appears, that the fact that the plaintiff had no title to the land he had sold, was established by the defendants. A person sells another a tract of land, and puts him in possession of it, and when he asks for his purchase money, he is told that he has no title. The law allows this. But if it is allowed, is there any hardship in requiring him who asserts that the vendor has no title, to show it by his plea? The purchaser cannot know that the vendor has no title, unless he is informed as to the state of it, and it seems to be nothing but reasonable, that after he has so far confided in the vendor, as to buy his land on his representations, and enter into possession of it, that if he by his plea, objects his want of title, he should set forth the facts and circumstances which show that the vendor has no title. Courts of law, in entertaining this defence, exercise a power vested in the Courts of equity, and the practice in them, I believe, is never to allow an injunction against the recovery of the purchase money on the bare assertion that the vendor has no title to the land conveyed. It must be shown how it is that he has no title. A party's title may be affected in various ways, by fraud and forgeries unknown to the vendor, and to enable him to defend it, it should be shown wherein it is defective. There is no injustice in this. A contrary course might work injustice to vendors. The bare assertion in the two last pleas, that the fee simple in the lot for which the note sued on was given, is in the County of Jackson, does not obviate the objection that exists to these pleas.

The other Judges concurring, the judgment is affirmed.