Me. Justice' Westcott
delivered the opinion of the court.
The first error assigned in this case is the refusal of the court to grant the motion for a continuance heard on the 39th July, A, D. 1879.
The exercise of discretion involved in the determination of this motion, -when the action of the court is properly presented by exception in the record, -is under the statutes of this State subject to review in this court. The uniform course of action by this court in-reviewing the exercise .of such a discretion is to require a very clear, plain case of error to sanction the control of the Circuit Court in its action in this respect. 9 Fla., 490; 13 Fla., 562. An appellate tribunal should never, except in a plain case, control discretion of this character in 'matters of practice, as it has not the opportunity of knowing many things which should, to some extent, control in its exercise, and which the court. before which, .the case is tried, knows necessarily. 13 Fla., 571; 13 Grat., 576. ín the State of Georgia, where the statute made such action of the court of original jurisdiction the subject of review, the uniform practice of the Supreme Court was not to sustain a writ of error on account Of refusal to grant' a continuance, unless in tí most plain and palpable instance of the arbitrary and oppressive exercise of the discretion necessarily vested by law. 1 Kelly, 315. In view of this rule/which we think is eminently proper, what is the case presented by this record? It is an “action for damages” by vendor in a contract for sale of lands against vendee in possession under such contract, the cause of damage being alleged breach of covenants. For ¿he purpose of disposing of this assignment of error, as well as for considering the other errors assigned, it is essential to show the exact state of the pleading^, in the case.
íhe sumjhons was issued December 30, 1076, and the declaration filed February 5/ 1877-.
After a demurrer to first declaration by agreement an .amended declaration was filed on the 9th day of April, A. D. 1877.
This declaration narrates that plaintiff and defendant entered into a written covenant, under .seal, in the words and figures following:
LAND CONTRACT.
“This contract, made this twenty-eighth day of January, in the year of our .Lord one thousand eight hundred and seventy-one, between Aaron Cloud, of Orange county, State of Florida, party of the first part, and Henry S. Sanford, party of the second part, witnesseth as follows:
“First. The said party of the first part, in. consideration of the sum of twenty-five hundred dollars, to be paid to the said’ party of the first part, and of the covenants to be performed by the said party of the second part as hereinafter expressed, hereby agrees to sell to the said party of the second part all that certain tract of land situated in the county of Orange, in the State of Florida, known and designated as lots three and two, m section twenty-five, township 19, south, range 30 east, known as the Potter Place, and situated on lake Monroe, being about one hundred and fifty-two acres. Reserving, ‘however, to him, the said Aaron Cloud, ten acres of land to be selected by him, being mostly cleared land on said- premises, with right of way thereto, with the privileges and appurtenances thereunto belonging.
“Second. The said, party of the second part, in consideration of the covenants herein contained in behalf of the said party of the first part, agrees to purchase of the said parly of the first part the above described lands,- and to pay for the same to the said party of the first part, or his legal representatives, the sum of twenty-five hundred dollars and -cents, lawful money of the United States, in manner following — that is to say, two hundred dollars in cash, the receipt of which is hereby acknowledged, five hundred dollars in a note bearing eight per cent, interest from the first of February, proximo, at one year’s date, one thousand dollars in a note bearing eight per cent, interest from the first of Februaiy, proximo, at one year’s date, one. thousand dol-southeast quarter of northwest quarter of section 36, township 19, south, range 30 east, being about forty acres, and taken as the equivalent of eight hundred dollars, both principal and interest to be paid at Mellonville; and, also, that he will, so long, as any part of the principal and interest of the said consideration money remains unpaid, well and faithfully, in due season, in each and every year, pay or cause to be paid all taxes and assessments, ordinary and extraordinary, that may, for any purpose whatever, be levied or assessed on said premises, or on this contract, and that he will not commit, nor suffer any other person to commit, any waste or damage to the said lands or the appurtenances, *141 except for fire-wood or otherwise, for his own use, or while clearing off the land for cultivation in the ordinary manner.
"Third. The said party of the first part further covenants and agrees with the said party of the second part, that upon the faithful performance by the said party of the second part of the covenants and agreements by him to be performed, and upon the payments of the several sums of money above mentioned, and the interest thereon, at the times, and in the manner, and at the place above mentioned to the said party of the first part, that thereupon the said party of the first part will well and faithfully execute and deliver a good and sufficient deed or deeds, and thereby convey to the said party of the second part, his heirs and assigns, a good and unincumbered title in fee simple to the above described premises, with their appurtenances.
"Fourth. It is further mutually convenanted and agreed, by and between the parties hereto, that the said party of the second part may immediately enter on said land, and remain there and cultivate the same as long as he shall ful-fil and perform all the agreements hereinbefore mentioned on his part to be fulfilled and performed, and no longer; and that if he shall at any time hereafter violate or neglect to fulfill any of said agreements, he shall forfeit all right or claim under this contract, and be liable to the said party of the first part for damages, and shall also be liable to be removed from the said land in the manner as is provided by taw for the removal of a tenant that holds over after the time specified in his lease,
“And it shall be lawful for the said party of the first part, at any time after the violation or non-fulfilment of any of the said agreements on the part of the said party of the second part, to sell and convey the said land, or any part thereof, to any other person whomsoever, and the said party of the first part shall not be liable in any way, nor to any person to refund any part of the money which he may have recieved on this contract, nor for any damages on account of such sale. And it is hereby expressly understood and declared that time is and shall be deemed and taken as of the very essence of this contract, and that unless the same shall in all respects be complied with by the said party of the second part, at the respective times and in the manner above limited and declared, that the said party of the second part shall lose and be debarred from all rights, remedies, or actions, either in law or equity, upon or under this contract.
"Fifth. This contract is hereby declared to be binding on the respective representatives of the parties hereto.
“In witness whereof the parties to these presents have hereunto set their hands and seals the day and year firsi above written.
(Signed) “H. S. Sanford, [l. s.]
(Signed) “Aaron Cloud. [l. s.]
“Sealed and delivered in presence of
“E. G-. Eastman,
“William W. ‘Woodruff."
Plaintiff alleged a total failure of defendant to comply with his covenants in said contract, with the exception of the payment of two hundred dollars, that he has failed and refused to execute the notes provided for in the contract, or to pay the money for which they were to have been given as well as the interest on the amount for which the notes were to have been given, that he has neglected and refused to execute a good and sufficient title in fee simple for the tract of land as stipulated in said contract, that by virtue of said contract he took possession of the land which he contracted to purchase, and did cut or cause to be cut from said land a considerable quantity of milling timber to the great damage of the land and in violation of his covenants and agreements, that defendant though repeatedly urged so to do by plaintiff, has neglected and refused to perform his covenants, and that plaintiff has always been ready and willing to perform his covenants in the manner set forth in the contract as soon as the defendant performed his covenants as set forth in the contract, and that by reason of such breach plaintiff has been injured and damaged in the sum of ten thousand dollars.
To this amended declaration a demurrer was filed on the 7th day of May, A. D. 1877, which was overruled on tfye 30th day of May, A. D. 1877.
On the 31st of May, no pleas being filed, there was a continuance on motion of defendant. On the 2nd of July, A. D. 1877, defendant filed five pleasi The first was a plea of not guilty* concluding to the country. The remaining four were pleas on equitable grounds. The third, fourth and fifth pleas were subsequently (and after the motion for continuance teas denied) stricken out, leaving the second plea on equitable grounds.
On the 25th September, 1877, plaintiff took issue upon the defendant’s plea of not guilty, and filed notice of motion to strike out the five special pleas to be heard on the first Monday in September, 1877. Before this motion is heard and on the 22nd November, 1877, the come teas again continued. The record does not disclose upon whose motion this order was made. On the 29th of May, 1878, "on motion of defendant's attorney" another continuance is had. On the 26th day of November, A. D., 1878, the plaintiff entered upon the motion docket a notice of. motion to be heard next morning to strike out the equitable p'lea§ filed. After argument of ¿ motion to strike out these pleas, the court entered an order to the following effect: “The matters in litigation in this cause being involved in a chancery suit, which has this day been argued for the first time, it is ordered that this cause be continued until the next term of the court.
“William Archer Cocke, Judge ."
To this order the plaintiff excepted and the ground of-exception as stated in the record is as follows:
“The court having declined to hear the above motion until 'after the determination of the chancery suit of H. S. Sanford vs. Aaron Cloud, plaintiff’s counsel excepts to the action of the court.
“William Archer Cocke, Judge."
On the 28th day of August, A. D. 1879, the motion for a continuance, the ruling upon which is here assigned for error, was made. As the foundation for that motion, an affidavit of defendant’s agent to the effect following was filed: That he is the general agent of Henry S. Sanford for the transaction of Mr. Sanford’s business in the State of Florida; that the defendant, Henry S. Sanford, came from Beligum, in Europe, to New York city, on his way to Orange county to attend the Spring term of this court, to be held on the 3d> Monday in May, A. D. 1879; that the defendant, Henry S. Sanford, is now in Europe, and cannot be in attendance upon the present term of this court; that his presence and testimony is absolutely necessary in the trial of this cause; that he, the affiant, telegraphed to Mr. Sanford that the court had adjourned till the 3d Monday in Juty, 1879; that subsequently he received a telegram from Mr. Sanford inquiring whether his presence would be necessary at the court to be held in July, 1879; that he replied that it was; that he then received a letter from Mr. Sanford stating that imperative business that he could not defer demanded his presence in Belgium or Europe. That he is informed and believes that the condition of Mr. Sanford’s family imperatively required his presence in Europe. That the subject matter of this suit of Aaron Cloud against Henry S. Sanford has been and now is in chancery in a suit ‘ between the same parties and the same subject matter before the Judge of the Seventh Judical Circuit of the State of Florida, and that said suit will probably result in disposing *142 of and adjudicating the whole subject matter of said suit. That a decree for the specific performance of the contract, for the breach of which this suit of Aaron Cloud vs. Henry S. Sanford was brought, was made in said charicery suit, and payment of the said consideration in said contract ordered, with interest thereon; and the decree further ordered that the said Henry S. Sanford make á deed to Aaron Cloud to forty acres of land described in the decree; that the defendant in this action appealed from the decree; of this honorable court and your affiant is informed and believes that said appeal was perfected and argued before the June term of the Supreme Court of the Slate of Florida. Your affiant is further informed and believes that the Supreme Court adjourned sine die, without rendering any decision in the case of Henry S. Sanford vs. Aaron Cloud. [For this decision vide infra, this volume. — Reporter.] Your affiant further states that the result of the decision of the Supreme Court in the appeal before them is essential to a proper determination of this suit of Aaron Cloud and may determine it, and material in determining the damages in the common law suit; that the defendant, Henry S, Sanford, cannot go to trial without the decree or order of the Supreme Court and the presence of Henry S. Sanford, that his evidence may be used; that this is not made for the purpose of delay, but in order that the ends of justice may be obtained.
After argument the motion was overruled and the action of the court was excepted to.
The causes assigned in this affidavit are two: absence of a material witness, that witness being the defendant, and the pendency of a suit between the same parties involving the same subject matter in a court of equity.
We will discuss the sufficiency of the last clause first.
The pendency of a suit in another court, whether it involves the same questions or not, is not a ground for a continuance of a cause. If it is a cause for the continuance of one it is for the other, and the consequence would be that you would never have a trial in either court. In this case every opportunity for pleading had been afforded the defendant, and he liad avoided filing any plea setting up the matter alleged in this affidavit. This is no more a ground for a continuance than an affidavit to payment, or to any other fact which would constitute good ground for plea to the merits. It is true that the Judge, after argument of the motion to strike out certain pleas, in the consideration of which the matter of a stay of proceedings did not necessarily or properly enter, liad before this motion for continuance declined to hear that motion until “after the determination of the chancery suit of H. S. Sanford vs. Aaron Cloud,” but in the absence of any tiling upon the record showing the pendency of that suit, or of anything setting up the matter in proper form of pleading, it was error for the court to award sucli stay of proceedings, and we presume, from this last ruling upon the motion for a continuance, that the court subsequently took the correct view of the matter and denied the motion. The effect of this action was to put the party to his proper plea if he had any, and it was exactly what the court should have done in the matter. The rule is, unquestionably, that when two courts have concurrent jurisdiction over the same subject matter, the court in which the suit is first commenced is entitled to retain it, (1 Mar. Chy., 354; 9 Wheat., 532; 14 Fla., 301,) but the prior pendency of such suit should be made the subject of defence to the action, and not for a simple postponement of its trial. The affidavit here does not state that the chancery suit was first pending. Again, it was apparent that the pleadings were in' such condition that further action was necessary before the issues could be made up. There was a motion to strike out certain pleas, which ought to have been determined at once. Consequent upon the ruling of the court in this matter, it might well have presumed, as was the case, that defendant would ask to amend his pleading by adding new and additional pleas.
But it may be said that the Judge of the Circuit Court and the Chancellor are the same persons, and it is proper for him to act upon his knowledge as Chancellor in the court of common law. This is not the rule. 5 Blackford, 443., In case of an appeal from a common law judgment rendered in a case where a continuance was ddnied, how could the party have here the benefit of the Chancellor’s personal knowledge of the pendency of proceedings between the same parties, and in reference to the same subject matter in a Court of Chancery, unless brought to our attention by proper plea, or in some other recognized method in the common law case?
In addition to this it must be remarked that defendant had already liad repeated continuances, and it was time 'that something should be done.
As to the other ground for continuance, it is defective in several particulars. The preeminent defect in it is a failure to state explicitly and clearly the facts expected to be proved by the witness. 9 Fla., 490. As to this error our conclusion is, therefore, that there is no such plain and palpable improper exercise of discretion here as to warrant us in setting aside this judgment. On the contrary, the ruling was right.
On the next day after the motion for continuance was denied, the defendant asked leave to withdraw the plea of not guilty, upon which issue had been joined. The court refused to grant the motion, giving defendant leave, however, to file additional pleas. This action is assigned for error.
We are unable to see what the plea of not guilty has to do with an action of covenant of this character. The general issue in covenant is non est factum, and all other de-fences are to be specially pleaded. Rule 67. While a demurrer would perhaps have been good to such a plea, (4 How., U. S., 143,) still, if the plaintiff does not demur, the defendant should be permitted to withdraw it as being informal and not according to the rules of pleading. 1 Hen. & Mun., 153.
This brings us to the consideration of the rulings of the court upon the pleadings, so far as such consideration is asked by appellants.
The first pleas filed were the plea, of not gull and four equitable pleas. All of the equitable pleas except the first were struck out on motion of the plaintiff, and there was issue upon the plea of not guilty. By leave of the court eleven additional pleas were subsequently filed. There was a demurrer to the 1st, 2d, 3d, 4tb, 5th, 6th, 7th, and 10th pleas. This demurrer was sustained except as to the 10th plea. As to this plea, there was no action of the court upon the demurrer to it, nothing is said of it neither in the assignment of errors or in the brief of counsel for appellant, and for this reason it is not considered. The 8th and 9th additional pleas were stricken out on motion. There was a replication to plea number 2 of original pleas. To this replication there was a demurrer. The demurrer was overruled, the defendant declining to plead, and resting on his demurrer.
To the lltli additional plea plaintiff filed a replication, to which defendant demurred. The demurrer was overruled, the defendant declining to plead and resting on his demurrer.
The demurrer lo the 7th plea was sustained, with leave to defendant to amend, which he did. To this amended plea there was another demurrer, which was’ sustained. Defendant having amended his plea after demurrer, the first demurrer was waived; and for this reason the ruling of the court thereon is not presented for consideration here. The *143 ruling of the court upon the second demurrer to the seventh plea as amended is presented for our consideration. The plaintiff urges here a review of the action of the court only as to the first equitable plea, (number 2 of original pleas,) the 9th-and 11th of the additional pleas, and the 7th of the additional pleas.
dumber 2 of original pleas is as follows: For a plea on equitable grounds defendant says, that the said plaintiff obtained the agreement entered into by and between the said plaintiff and defendant on the 28th day of January, A. D. 1871, by misrepresentation and fraud in this, that the said plaintiff represented to the said defendant that he owned and possessed the said land named and described in said agreement in fee simple, and had an indefeasible title in and to said land at the time of the making thereof, while in truth and in fact he liad no title in or to said land, or any interest therein, for the reason whereof the said plaintiff obtained said agreement by misrepresentation and fraud, by which said agreement became, was and is void from the time of the execution thereof. The replication to this plea was, that the said plea in all of the matters and things therein contained, in manner and form as the same are therein set forth, were heretofore, to-wit., on the 11th day of February, A. D. 1879, by a decree rendered in favor of said plaintiff, Aaron Cloud, against the said defendant, H. S. Sanford, wherein it is decreed “that no bad faith existed at the time of said contract,” and it appearing to the court that Cloud liad a full and indisputable title, &c., said decree above referred to was rendered by the honorable "William Archer Cocke, Judge of the Circuit Court for the Seventh Judicial Circuit in and for Orange county, sitting in Chancery, fully and finally determining and adjudicating all the matters and tilings set up in said plea. To this replication defendant demurred alleging as grounds of demurrer that, if the decree referred to in said replication fully and finally determined and adjudicated all the matters and things set up in said plea, it is a full, sufficient, and complete defence to this action, and that the replication is otherwise bad in substance. Considering the matter strictly with reference ■ to the sufficiency of this replication as an answer to the plea, we cannot perceive the error here. Defendant pleads that at the time the contract was made plaintiff did not have a good title to the land as to which the' agreement was made, and that plaintiff represented to him that* he did have such title. If this -be a good plea, then certainly a reply that the matter of his title to this land has been adjudicated in a case between himself and plaintiff, and that it was finally decreed therein that the plaintiff .had a good title, and that there was no bad faith on his part at the time of entering into this contract, is a good replication to' this plea. We do not determine whether this-is or is not proper sub¿ ject matter for an equitable plea. Our view is, that if such-be the case, then a replication that the- equity set up has been determined against the plea by a 'court of equity-,- in a case between the same parties and involving the precise question, is a good reply.
The eleventh additional plea was as follows: For a further plea defendant says, that the plaintiff heretofore, to-wit: on the 11th day of February, A. D. 1879, and since the last continuance of this cause, obtained from his Honor, William Archer Cocke,' Judge, a final decree in a suit then pending in said court before said Judge, sitting as a chancellor, between the parties in this action and upon said contract, by which decree said Judge has fully, finally, and completely adjudicated and determined all matters in issue between the parties to this action arising out of or incident to this contract, and that said final decree is in full force and unsatisfied.
Plaintiff's replication to this plea “denies that the decree obtained on the 11th day of February, A. D/ ;1879, from his Honor, William Archer Cocke, sitting as a chancellor, between the parties to this action, and upon said contract, has fully, finally, and completely adjudicated and determined all matters in issue between the parties to this action, arising out of or incident to this contract, because he says that said decree does not award him the damages he has sustained, and is entitled to recover by reason of the defendant's breaches of his contract, and because the said decree is inoperative and of no benefit to this plaintiff, inasmuch as the said Henry S. Sanford, the defendant, after the making Of said contract, and before the issuing of said decree, voluntarily and by his own deliberate act and bad faith placed it out of his power to comply with the terms of said decree by conveying to third persons the forty acres of land described in the contract to be conveyed to this plaintiff* thus leaving this plaintiff with no other remedy than by an action for damages.”
Defendant demurs to this replication. One of the grounds of demurrer was that said replication does not allege any specific matter of damages arising out of or incident to said contract, which has not been settled by the decree in the' chancery suit.
This is a plea of res adjudicaba, and is properly pleaded in bar instead of in’ abatement. 23 Ala., 163. After the best attention to the question which we can give, our conclusion is that the judgment of the court overruling defendant's demurrer to plaintiff's replication to this plea was erroneous. The plea is one of res adjudicata. It sets up a final decree in a cause between the same parties upon the same contract, finally adjudicating all matters in issue between the parties to this action arising out of or incident to this contract. The replication does not deny the existence of such decree, but simply affirms that the decree does not award him the dámages he has sustained> and that it cannot be performed by defendant. If the matter of the damages recoverable was the subject of that controversy, and such is the allegation of the plea, then the failure of a court to award them is as much an adjudication of the. question as a decree awarding them would be, unless the failure resulted from a want of, jurisdiction. That perhaps might make a difference, but there is no such allegation. Nór can the plaintiff here allege that a decree is erroneous, or of such character .that the defendant cannot perform it. That was a matter -for the consideration of the court granting the decree. As between the parties, according to these pleadings, it is a final adjudication of the rights springing out of this contract, and in this suit cannot be collaterally assailed by either of the persons who were parties to it. “Res judicata facit ex albo nigrum, ex nigro album, ex curvo rectum, ex recto cur-vwn” If anything has happened affecting this decree since it was rendered, and the plaintiff makes a case by amendment, as a matter of course the court, upon the remanding of this cause, should permit it to be made the subject of proper pleading.
The seventh plea as amended was as follows:' “That the plaintiff obtained the contract entered into on the 28th day of January, A. D. 1871, by and between the said plaintiff and defendant, by misrepresentation, deception and fraud in this, that the said plaintiff represented to the defendant at and before the signing, sealing, and delivery of the said contract, that he, the plaintiff, had a good and unincum-bered title in fee simple in and to the said tract ‘of land described title in fee simple in and to the said tract of land de-section 25, township 19, south, range 30 east, while in truth and in fact the plaintiff at the timé aforesaid had not, and well knew that he had not, a good and unincumbered title in and to said tract of land, or any part thereof, which was not known to the defendant, by reason whereof the defendant was then and there deceived and induced by the plaintiff by fraud and deception to execute said contract, and *144 said contract then and there became and is absolutely null and void.”
To this plea there was a demurrer, the grounds oí which were, that it does not specifically and fully set up the facts constituting the alleged fraud, and that it does not set up a defence to the action.
This is not a good plea. The contract of pl&mtill was, that upon the performance of the covenants by defendant, he would execute and deliver a good and sufficient deed, and thereby convey a good and unincumbered title, in fee simple. This is his covenant, and if he is able to comply according to this covenant that is sufficient. Mr. Chief Justice Sharkey, speaking for the high court of errors and appeals of Mississippi, (1 How., 346,) of a plea in substance like this says: “It does not, in point of fact, amount necessarily to ftaud that Newman had not at the time of sale fa good indefeasible, and unincumbered title/ It is not pretended that it was a part of the contract that titles should pass on the day of sale, and it was therefore immaterial whether Newnjan had at that time an unincumbered title or not. If he was prepared to make such a title as he contracted for at the time he undertook to convey, it is all that the defendant had a right to require. Numerous authorities might be cited to show that it is not necessary that the vendor should have a complete, unincumbered title at the time he contracts; if he is able to convey at the time he lias designed to do so it- is sufficient. (9 John., 126.) In addition to this, the bare, naked allegation of a want of title, even when it is a good plea, is not sufficient.” The facts must be fully stated. (23 Ark., 147; 10 Mo., 266.)
What is here said disposes of the ninth plea.
We have thus disposed of the questions arising upon the pleadings, as called to our attention (that is, in view of the sufficiency of the declaration,) by defendant’s counsel. We think, however, that there is a fatal defect in the pleadings as they stand, no cause of action being, in our judgment; set up in the declaration. Upon defendant’s demurrers to the pleadings of the plaintiff, as well as upon plaintiff’s demurrers to defendant’s pleas, the sufficiency of the amended declaration was involved, and hence the judgment should have been for defendant in either case. 10 Fla., 110.
If the covenants in this case are dependent, then the averment in the declaration that the “plaintiff has always been ready and willing to perform his part of the contract; at the time and in the manner set forth in said contract, as soon as the defendant performed his covenants, as set forth in the contract,” is not sufficient. In such case he must qver a tender of the deed. (20 John., 135; 2 John., 209; 10 John., 266; 1 Pet., 465.) In the case of Parker vs. Parmele, 20 John., 135, which was a case of dependent cove-uants, the court says: “The question arises whether the plaintiff, the vendor, can maintain this action without an actual tender or offer to convey. The averment in the declaration is only that he was ready and willing to convey.” The court held this insufficient, and that the declaration was defective in not averring a tender. Is this a case of de-= pendent covenants? This contract was executed the 8tli of January, A. D. 1&71, vendee going into possession, and agreeing to pay $200 cash; to give a note for $500, payable February 1, 1872; a note for $1,000, payable February 1, 1873, and a deed of forty acres of land. The contract does not state when the deed was to be executed, but the reasonable construction is that it was to be executed when the last payment was made. The contract then provides that upon the faithful performance by the said party of the second part of the covenant and agreements to be by him performed, and upon the payments of the several sums of money above mentioned, and-the interest thereon at the times, and in the manner, and at the place mentioned to the said party of the first part; that thereupon the said party of the first part will well and faithfully execute and deliver a good and sufficient deed, and thereby convey a good fee simple title. The breach here assigned is g total breach — is a breach of all covenants upon the part of the vendee. In such case the rule is that the plaintiff is bound to declare as though the action had been brought for the last installment of money payable, and for failure to perform the last act agreed to be done, and that rule'is that he must aver a tender of a deed when the last payment or the last act to be performed was to be eoncuri-ent with the execution of the deed by him, and that, in our opinion, is this case. The contract is that upon the performance of the covenants by the vendee, thereupon the vendor shall execute the deed, &c. As remarked by Fort, J., in Grant vs. Johnson, 1 Selden, 255, “so many decisions have been madé on the vexed question of what are and what are not dependent covenants, and so many of them are irreconcilable (see 10 John., 213,) that they rather perplex than aid the judgment in determining a given case. One rule is universal, and that is that the intent' of the parties is to control.” The question here is whether vendee and vendor in this contract expected that the vendee should depend upon his remedy by action to have this contract enforced after a performance by him of his covenants, or whether they did not expect that upon vendee’s complying with his agreement vendor would then and there at once give him a good title. In other words, were these not to be practically concurrent acts? This is, we think, clearly the effect of the language, and such is also the result of an application of the principles announced in like cases by the courts. In Johnson vs. Wygant, 11 Wend., 48, “the defendant” (as stated by Mr. Justice Sutherland) “covenanted to pay the plaintiff for the land,” in three equal annual payments; “‘and upon the payment thereof, (the covenant proceeds,) I am to receive a good war-rantee deed of said land.’ The payment of the money of the last installment, and the giving of the deed, were to be concurrent acts. It is well settled that covenants like these are dependent, and that neither party can recover against the other without averring a tender of performance on his part.” See also 20 John., 130-; Ib., 27; 1 Sugden on Vend., 297.
Covenants are always considered dependent unless the contrary intention appears. The correct rule upon the subject is, we think, announced by the Supreme Court of the United States in the Bank of Columbus vs. Hagner, 1 Peters, 464. That court there says: “In contracts of this description, the undertakings of the respective parties are always considered dependent, unless a contrary intention clearly appears. A different construction would, in many cases, lead to the greatest injustice, and a purchaser might have payment of the consideration money enforced upon him, and yet be disabled from procuring the property for which he paid it. Although many nice distinctions are to be found in the books-upon the question whether the covenants or promises of the respective parties to the contract are to be considered independent or dependent; yet. it is evident the' inclination of courts has strongly favored the latter construction, as being obviously the most just. The seller ought not to be compelled to part with his property without receiving the consideration, nor the purchaser to part with his money without an equivalent in return; hence, in such cases, if either a vendor or a vendee wish to compel the other to fulfil his contract, he must make his part of the agreement precedent, and cannot proceed against the other without an actual performance of the agreement on his part, or a tender and refusal. And an averment to that effect is always made in the declaration upon contracts containing dependent undertakings, and that averment must be supported by proof.” The language in this case is, that upon vendee doing certain acts, thereupon vendor will *145 make a deed, &c. The acts were to concur and were dependent. Neither of the parties here, after a full performance by himself, expected or agreed to rely -upon his remedy against the other.
The defendant in this case has filed pleas plainly inconsistent with each other, pleading no consideration and a failure of consideration. The Constitution, sec. 12, Art. VI, requires that all pleas1 shall be sworn -to. "We are satisfied that one of the purposes of the convention in ordaining this clause was to prevent just such practice as has been resorted to in this case, and wherever it plainly appears that a defendant has sworn to inconsistent pleas, the court may -and should require the defendant to elect his defense, and upon such election should strike out the other inconsistent plea. The court may properly exercise its general power of control over the pleadings to this end. To the extent that the statute authorizing inconsistent defenses is *in conflict with these views it is. repealed.
In the event’ of amendment of the declaration after demurrer is sustained, as well as issues upon those pleadings pronounced good in this cause as pleas or replications, a new trial will have to be had. In this view it is not deemed proper for us to examine the testimony in this cause.
As the matter is involved in this case, and as it will be necessary to have it-passed upon by the jury in the event a case is made by amendment, we deem it proper to state the rule of damages applicable to actions by vendee against vendor for’breach of covenant to convey land.
• In general he is entitled to purchase money and interést, but this rule does- not apply where there is want of good faith of the vendor, shown by his voluntarily conveying the land to another, or by other act inconsistent with the utmost good faith. In such case, or in cases where vendor had no title, although he acted in good faith, he is liable for the value of the -land at the time of the breach, with interest on such value from that time. In'cases where vendor is not subject-to pay-damages on account of the loss-of the bargain, vendee may recover, in addition to the* price, expenses of-a certain character,’ such as expenses -for'--investigating the title. 1 Bing, N. C., 492; Measure of Damages, by Sedgwick, sec. 184.
A party who, having no title to land, undertakes to convey, or having no authority to sell makes a -contract of sale,- or ’having made such a contract, and- having the power to perform it, 'wilfully .neglects or' refuses to perform it, is not regarded as entitled to the presumption that he acts in good faith, and -is put on the same ground as to his legal liability with one who is guilty of actual-fraud, (Measure of Damages, by Sedgwick, section 185‘, ’note,) and that'liability is for value at the time of breach, and interest thereon.
-To sum up on the pleadings presented for our consideration by- appellant, we do not think that plea number two, original, was a- good plea, -but a bad plea is a sufficient answer to a bad declaration; hence the • judgment upon demurrer ’to replication to second original plea should haye been for defendant, with leave to parties to amend. The eleventh plea was a good plea even - with the declaration amended by setting up a tender and profert, and the replication to it was insufficient, hence there should have been a judgment for defendant, with leave to aménd ‘by filing n'ew replication or otherwise. The seventh plea as amended was not a good plea, but a bad plea is an answer to a bad declaration; hence plaintiff’s demurrer to this plea should have been overruled, with leave to amend.
The judgment in this case will be that the judgment is reversed, that the verdict is set aside, that the order'overruling • defendant’s demurrer to plaintiff’s replication - - to second original plea is reversed and set aside, that the" or-' der- overruling defendant’s demurrer to plaintiff’s replica-' tion to eleventh plea' is reversed -and set aside, that the order sustaining plaintiff’s demurrer to amend seventh plea is reversed, and the case is remanded for further proceedings not inconsistent with this opinion, and conformable to law.