13433

AMERICAN NAT. BANK OF WINTER HAVEN, FLA., v.
CALDWELL *ET AL.*

(164 S. E., 613)

*Messrs. J. H. Glenn* and *Hemphill & Hemphill,* for appellant,

*Messrs. J. M. Wise, R. B. Caldwell* and *Gaston, Hamilton & Gaston,* for respondent,

June 17, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action on a promissory note. On November 5, 1925, Scenic Developers, Inc., doing business in Haines City, Fla., and C. D. Crosby, of Chester, S. C., entered into a contract for the sale and purchase of real estate, which provides in part: "That if the said party of the second part (Crosby) shall first make the payments and perform the covenants as hereinafter set forth, by him to be made and performed, the said party of the first part (Scenic Developers, Inc.), agrees to convey to the said party of the second part, by good and sufficient warranty deed, free and

clear of all encumbrances, * * * " two lots in Haines City.

The purchase price of the lots was $5,000.00, to be paid: $1,000.00 in cash on the date of execution of the contract, $1,500.00 on December 20, 1925, and $2,500.00 on May 5, 1926, the last two installments to be evidenced by notes of even date with the contract and payable at Haines City. Crosby made the cash payment, executed the two notes, and paid the $1,500.00 note in his lifetime. After his death the plaintiff, the American National Bank of Winter Haven, Fla., brought suit against the executor of his will upon the $2,500.00 note, alleging that it had been transferred, assigned, and indorsed by the payee to the plaintiff before maturity, that no part of it had been paid, etc.

By his answer the defendant denied that plaintiff was the owner of the note as an innocent purchaser for value, asserting that the bank took the note subject to all the conditions and agreements set forth in the contract, all the infirmities and off-sets thereto, and all the rights and equities between the original parties. He alleged that the sole consideration for the note was the purchase price of the two lots; that, at the time of the execution of the notes and the contract, the lots were incumbered by one or more mortgages, and that Scenic Developers, Inc., knew of the existence of these mortgages, and that the lots could not be conveyed to Crosby free and clear of incumbrances; that the assignment of the note was without Crosby's consent and in violation of his right to receive a deed of the premises free of all incumbrances in consideration of the payment of the note; that plaintiff had failed and was unable to execute a good deed to the premises free of incumbrances, and that, therefore, there was a total failure of consideration for the note. He also set up a counterclaim and plaintiff replied thereto, but as the trial Judge granted a motion—from which there is no appeal—directing a verdict in plaintiff's

favor as to the counterclaim, it will not be necessary to discuss that phase of the case.

Counsel for plaintiff also made a motion for a directed verdict for the amount of the note and interest, on the ground that there had never been any tender to the plaintiff or to Scenic Developers, Inc., of any money, on the part of Crosby, as required by the contract. This motion was overruled and the jury found for the defendant.

The appeal involves twenty-one exceptions, but under our view of the case it will not be necessary to discuss them all, as the matter can be disposed of upon consideration of the question of tender, involved in the motion for a directed verdict. Plaintiff contends that the payment of the note was a "condition precedent to the defendant's right to a deed free and clear of all encumbrances," that the note was not paid nor any tender of payment made, and that, therefore, defendant could not avail himself of the defense that no deed was tendered by or on behalf of the vendor. To support this position he relies upon the provision in the contract "that if the said party of the second part shall first make the payments * * * by him to be made * * * the said party of the first part agrees to convey to the said party of the second part" the lots in question, contending that under this language Crosby had no right to a deed until after the note was paid. Defendant contends, on the other hand, that under the agreement it was necessary for the vendor to tender a sufficient deed before recovery could be had on the note.

The determination of this question depends upon the answer to the further question, whether the covenants of the vendor and those of the purchaser are independent or dependent and concurrent. If they are found to be independent, performance by the purchaser being a condition precedent to performance by the vendor, as contended by appellant, then the motion for a directed verdict should have been granted; if, on the other hand, they are

found to be dependent and concurrent, then the motion was properly refused, for where the covenants are of such nature neither party can recover against the other without a performance or offer to perform on his own part, unless performance shall be excused or rendered impossible by the other party. In his argument before us respondent cited *Sanford v. Cloud,* 17 Fla., 532, to sustain his contention, but appellant very properly made the objection that this case was not introduced in evidence at the trial and hence is not binding on this Court. The question will, therefore, have to be determined in accordance with the common law, independently of the Florida decisions.

The primary purpose in the construction of contracts like the one before us is to discover the intention of the parties, which, when discovered, will be given effect regardless of technical forms of expression. Such has been our effort in the case at bar. We have made a careful study of the contract, considering it as a whole in the light of common sense and justice, and of certain rules of construction which have grown out of the wisdom and experience of able Courts in many jurisdictions in the consideration of similar contracts, and have reached the conclusion that the parties to it intended its covenants to be concurrent and dependent.

It is the tendency of the Courts to construe the undertakings of the parties to such contracts as being dependent, unless a contrary intention clearly appears. This rule is based upon a deep-lying sense of justice. As was said in *Bank of Columbia v. Hagner,* 1 Pet., 465, 7 L. Ed., 219: "Although many nice distinctions are to be found in the books, upon the question, whether the covenants or promises of the respective parties to the contract, are to be considered independent, or dependent; yet it is evident, the inclination of Courts has strongly favoured the latter construction, as being obviously the most just. The seller ought not to be compelled to part with his property, without

receiving the consideration: nor the purchaser to part with his money, without an equivalent in return. Hence, in such cases, if either a vendor or a vendee wish to compel the other to fulfil his contract, he must make his part of the agreement precedent, and cannot proceed against the other without an actual performance of the agreement, on his part, or a, tender and refusal."

Of course, if the contract clearly makes payment of the purchase price a condition precedent to the delivery of a deed, such expressed intention of the parties will be given effect. Appellant contends that the contract here does just that, by saying that if the purchaser shall first make the payments, the vendor will convey the lots to him. We do not think this language, when the contract is considered as a whole, sufficient to establish the intention or to have the effect contended for. The position is unquestionably correct as to the first two payments, that is, the $1,000.00 cash payment and the $1,500.00 note, for the purchaser would undoubtedly have been required to make these payments before obtaining a deed. And doubtless the language used was prompted largely by the fact that two payments were to be made before consummation of the contract by the third payment and delivery of the deed. Contracts providing for the payment of the purchase price in installments naturally present their own peculiar difficulties. In such cases, if the covenant to convey is to convey upon payment of the last installment, the covenants to pay the prior installments are independent of the covenant to convey, but the payment of the last installment and the delivery of the deed are dependent and concurrent acts—and this rule applies where notes are given for the purchase price as in the present case. Such we think is the contract before us. Clearly, the covenants to make the first two payments were independent of the covenant to convey,' but, as to the last payment, we find no date fixed for the delivery of the deed subsequent to that fixed for the final payment, and no se-

curity given or taken by either party for the performance of the covenants on the part of the other. If the final payment and the delivery of the deed were not intended to be concurrent, then the party first performing, in case of the other's refusal to perform, would be relegated to an open remedy, so to speak, against the other which might be as barren of results as it would be troublesome to pursue. The Court would hardly conclude that the parties intended to create such a situation, contrary to ordinary business prudence, common sense, and justice, unless the language of the contract clearly carried that import.

Again it is said that where mutual covenants go to the whole of the consideration on both sides, they are dependent, but if to only a part of the consideration, they are independent, and the reason for this rule is apparent and sound. Here the covenants to pay the installments clearly constitute the whole consideration for the covenant to convey, and *vice versa*. In this respect the contract is somewhat similar to that in *Law v. House,* 3 Hill, 268, in which Law agreed to sell to House his plantation, for which House agreed to pay $5,000.00, certain real estate valued at $3,000.00, and the balance in two annual installments of $1,000.00 each. In that case the Court said: "The act to be done by each, constituted the entire consideration of the covenant on the part of the other. They are therefore mutual and dependent conditions, and performance must be averred."

These circumstances seem to us to show that the parties intended payment of the last installment and delivery of the deed to be concurrent and dependent; in fact, the language relied on by the respondent as expressing a condition of the delivery of the deed appears to mean nothing more nor less than that, "upon the payment" of the purchase price, the vendor would execute and deliver a deed, etc., which language has been repeatedly construed by the Courts as creating dependent covenants. It follows, as already indicated,

that the vendor could not recover from the purchaser without performance or tender of performance on his part.

As said in *Dubignon v. Loud,* 5 Rich., 251: "The execution and delivery of a deed of conveyance is essential to the performance of the seller's contract. When, as in this case, the agreement of the parties is concurrent, and to be executed at the same time, if the buyer is ready to comply with his contract, payment of the price cannot be required unless a title deed is ready to be delivered. If the buyer refuses to comply, the seller has not performed all that is in his power to do, if he does not make a tender of a deed. The purchaser may justify a refusal to pay when the tender of a title deed, which he may demand as the condition of payment, is not made. Unless, therefore, the purchaser has waived the tender, or has otherwise made it nugatory by his own act or conduct, to an action for non-performance of his contract, he may avail himself of the defence that no title deed was tendered."

The note in question here recites that it is one of a series given to secure the payment of the purchase price of certain lots and is subject to all conditions and agreements set forth in that contract of even date therewith between Crosby and Scenic Developers, ·Inc., for the purchase of the lots. Consequently, the plaintiff stands in the shoes of Scenic Developers, Inc., and can have no higher or greater rights in relation to the note than the vendor. The defendant, on proper motion, would have been entitled to a directed verdict, and the jury, in finding for him, reached the only conclusion consonant with the law and the facts. It would, therefore, be a useless expenditure of time and energy to consider the other exceptions.

For the reasons stated, the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.