25　619
39　573

SAMUEL F. MARSHALL, APPELLANT, vs. JOSEPH BUMBY, APPELLEE.

1. Where, in a common law action, a defence on equitable grounds consists of matter clearly available as a defence at law, the Court without motion, should strike it out. Such a defence is admissible only when it sets up matter which, in the event of a judgment at law, equity would on account of the equities set up, give him relief against the judgment.
2. It is a well settled principle of law that a conditional acceptance does not become due until the happening of the contingency upon which it is accepted.
3. H. contracted to erect two houses for M.; H. drew an order on M. (defendant), who was the agent for M., with whom H. had contracted, in favor of B. (plaintiff), for $245, which order the defendant accepted, to be paid when the houses were completed ; B. brought suit on the acceptance, and alleged in his declaration that the houses were completed when suit was brought, which defendant denies by his plea ; the cause was submitted to a Referee, who took the testimony (which is conflicting as to whether or not the houses were completed when suit was brought), and rendered judgment in favor of the plaintiff for

the amount of the acceptance : *Held,* that it was the duty of the Referee to reconcile the conflict in the testimony if he could, but if he could not do so, it was his duty to discard any testimony he did not believe, and to render his judgment upon the testimony he believed to be true.

Appeal from the Circuit Court for Marion county.

The facts of the case are stated in the opinion of the court.

*S. D. McConnell, Miller & Spencer* for Appellant.

### STATEMENT.

The appellee sued the appellant in Marion County Circuit Court, upon the following acceptance:

OCALA, FLA., March 24, 1884.

*S. F. Marshall :*

Please pay to the order of Joseph Bumby two hundred and forty-five dollars for material furnished on Mr. Martin's two houses, to be paid as soon as houses are completed, and charge to my account.       R. C. HUMESTON.

Endorsed. Accepted March 25, 1884.

S. F. MARSHALL.

Appellant having filed his pleas, the second being a defence upon equitable grounds, the court, on motion of appellee, struck the first and second pleas, to which ruling appellant excepted. Appellee having amended his declaration and appellant having filed amended pleas, the cause was referred to Hon. J. J. Finley as referee, who, after hearing the same, rendered judgment for the appellee for $245.00, with interest from April 21, 1884. Appellant moved for a new trial, which motion was refused and an appeal taken.

### POINTS.

The first assignment of error is well founded. The second original plea was a good equitable defence and should

not have been stricken. (Section 69, Pleading and Practice, act of 1861).

By striking said plea the appellant was deprived of setting up a good defense to the action, and also from bringing before the referee such evidence as would have clearly shown that the appellee was not entitled to recover. While this ruling of the court does not appear in the bill of exceptions as certified by the referee, it does appear in the record certified to by the Judge of the Circuit Court, who made the ruling and noted the exceptions to the same, and is in itself a bill of exceptions.

It is only necessary to refer to the evidence in the record to be satisfied that the referee erred in his findings of facts as stated in the second assignment. Alfred M. Martin never did release Humeston from his contract to complete the houses as found by the referee, and if he was never released, certainly he could not have been released with the consent and by the advice of the appellant, as was also found by the referee.

So far from releasing Humeston, A. M. Martin and the appellant urged him to go on and complete the houses, but he refused to do so and abandoned the work a short time after the acceptance sued upon was given, and A. M. Martin was obliged either to lose what he had already paid out or finish the houses himself. As a sensible man he employed workmen, purchased material and finished the houses to such an extent as to render them habitable. To have acted otherwise would have been extreme folly. Record, pp. 33, 40, 41, 42 and 48.

Though the draft sued upon recites that it was given for material furnished for Mr. Martin's two houses, the appellant never claimed that he had furnished any material for said houses, and when upon the stand as a witness in his own behalf he did not so testify. The evidence shows that the

material went into buildings owned by other parties. Record, pp. 36 and 37.

But the evidence further shows that he was not prevented from filing a lien upon said property, as in fact he had no lien even if .he had furnished material for said houses, no written notice of his claim having been served upon the owner. Record, pp. 36 and 37.

Appellant did not debit Humeston with the amount of said acceptance on final settlement, but a memorandum was simply made to satisfy Humeston's creditors that under no circumstances would anything be owing to Humeston. Record, pp. 42 and 43.

There can be no doubt that if the referee erred in his findings upon the facts, his conclusions upon the law based thereon are erroneous :

1st. The acceptance did not postpone the payment of Humeston's debt to the appellee.

2d. Humeston never having been released from his contract to complete the building of the houses, there was a failure of consideration of the acceptance by defendant.

Even if there had been a release the accepted order could not have become due on April 21st, 1884, as found by the referee, for the building of the houses had not then been completed by any one.

Even if the appellant did pay to Humeston a sum of money after the date of the acceptance, still no right of action has ever accrued to the appellee; for according to the terms of the order the money was not to be paid until the houses were completed and the order was accepted upon that condition. The evidence shows positively that the houses never have been completed by Humeston, and what work was done upon them after Humeston abandoned the work was done by Alfred M. Martin and paid for by him. And

this too not by any fault of appellant, for he used strenuous efforts to get Humeston to complete the buildings.

It is unnecessary to go further into the details of this case. The questions involved are not new, but have been clearly settled by our own Supreme Court and by courts of high authority in other States. The court is respectfully referred to the following cases: Brockway vs. Allen, 17th Wendell, 40; Newhall vs. Clark, 3d Cushing, 376; Myrick vs. Merritt, Supreme Court of Florida, June Term, 1886, (not yet reported) and authorities cited therein.

If, we contend, the judgment of the referee was error, then he likewise erred in refusing to grant appellant's motion for a new trial; and therefore the judgment of the referee should be reversed.

*R. L. Anderson* for Appellee.

MITCHELL, J.: The appellee, plaintiff in the court below, instituted action of assumpsit against the appellant in the Circuit Court, and the declaration alleges that one R. C. Humeston, on the 24th day of March, 1884, made his bill of exchange in writing and directed the same to the defendant, and thereby requested the defendant to pay to the order of the plaintiff $245.00 for material furnished on Mr. Martin's two houses, to be paid as soon as said houses were completed, which period had elapsed before the commencement of this suit; and the defendant on the 25th day of March, 1884, accepted the same and promised the plaintiff to pay the same according to the tenor and effect thereof, and of his acceptance thereof, and plaintiff avers that the said two houses in said bill of exchange mentioned were completed before the commencement of this suit, and said sum of $245 is now due and has been due since the 16th day of June, 1884. The declaration also contains the common counts,

for work and labor done by plaintiff for defendant at his request, and for money paid for use of defendant, &c.

1. In first plea defendant admits that he accepted the order attached to the declaration upon the terms and conditions set forth therein, but denies that said terms have been complied with, and says that said acceptance is not due.

2. Defendant says that the acceptance of said order was wholly without consideration, which fact was known to the plaintiff at the date of the acceptance.

3. That the consideration of his acceptance of said order has totally failed.

So far as the transcript of the record shows, the pleas were not demurred to, nor was any issue joined thereon, but the cause was tried upon the pleadings as given above.

The declaration (amended) was filed October 23d, 1884, and said pleas were filed on the same day.

By consent the cause was submitted to Hon. J. J. Finley, referee, for final determination in accordance with the statute in such cases made and provided.

The referee took the evidence and rendered his findings, and gave judgment in favor of the plaintiff for the full amount of defendant's said acceptance, and interest thereon from the 21st day of April, 1884, and also the costs of suit.

Defendant moved for new trial, which motion was overruled and defendant appealed.

The following errors are assigned:

1. That the court erred in striking the second original plea of appellant.

2. That the referee erred in his 4th, 10th, 11th and 12th findings of fact in said cause.

3. That the referee erred in all his conclusions of law based upon the evidence as set forth in his report.

4. That the referee erred in rendering judgment for the appellee.

5. That the referee erred in refusing to grant appellant's motion for a new trial.

There was no error in the order of the court striking the second original plea. Spratt vs. Price, 18 Fla., 289. In that case the court say : " Where, in a common law action, a defence on equitable grounds consists of matter clearly available as a defence at law, the court, without motion, should strike it out. Such a defence is admissible only when it sets up matter which in the event of a judgment at law, equity would, on account of the equities set up, give him relief against the judgment, and if a party having a good defence at law fails to plead it in the action at law, equity will not grant any relief against the judgment." The defendant could and did make his defence to the action under his amended plea fully as to every right he had in the case, and for this reason he was not injured in any manner by the order of the court striking the second original plea, even admitting that the court erred in striking said plea. But was there any error in striking the said plea ? If so, we fail to see it. There was neither ground or necessity for an equitable plea.

The findings of the referee contain a correct statement of the facts of the case as follows :

1st. That one R. C. Humeston and one A. M. Martin did, on the 19th day of February, A. D. 1884, enter into a written contract, whereby the said Humeston agreed and undertook to furnish the material and labor for the same, and to contract and erect for the said Martin two dwelling houses in the town of Ocala, according to certain specifications, (which, together with the said written contract, are filed herewith as evidence in the case,) and in consideration thereof the said Martin agreed and undertook to pay to the said Humeston the sum of twelve hundred dollars, in three installments, as follows, to-wit : $400 when the frames of the two

houses were up and the rafters on; $400 when the brown coat of plastering is on, and $400 when the two houses were completed, and the said Humeston agreed and undertook to complete the said two houses by the first of April, A. D. 1884,

2d. That on the 24th day of March, A. D. 1884, when the said Humeston was engaged in the erection of the said two houses, and had about accomplished the second stage of construction mentioned in the contract, he drew an order on the defendant, in favor of the plaintiff for the sum of $245, to be paid when the two houses were completed, which said order was on the next day after it was drawn, accepted by the defendant, the said accepted order being the ground of this action.

3d. That the said Humeston did not complete the said houses by the first day of April, A. D. 1884, and that he has not since completed them.

4th. That about the 21st day of April, 1884, the said Humeston informed the said Martin that he did not have the money to purchase the material and to hire the labor necessary to complete the said two houses, and that thereupon the said Martin offered to release, and did release him from the further fulfillment of his contract, and agreed to complete the said houses for himself according to the plans mentioned in said specifications, and within the limits of the price agreed to be paid, as per contract.

5th. That at the time the said Humeston was released from the further performance of his contract the two first stages of construction had been about completed.

6th. That the said Martin expended in the completion of the houses the sum of $343.

7th. That the defendant was acting as the agent of the said Martin (who resides in South Carolina) in superintending the construction of said houses.

8th. That there is nothing appearing on the said accepted order to show that the acceptance was made by the defendant as the agent of the said Martin.

9th. That after the date of the said acceptance, the defendant, as the agent of said Martin, paid to the said Humeston on his said contract, at different times, the sum of $285, to-wit: $200 March 31st, 1884; $60 April 2nd, 1884, and $25 April 4th, 1884.

10th. That before the date of said acceptance, the plaintiff had furnished material to the said Humeston for the construction of said houses, and that the plaintiff was threatening to place a statutory lien on said houses for material furnished, but refrained from doing so upon the acceptance of said order by the defendant.

11th. That the said Martin released the said Humeston from the further performance of his contract with the knowledge and upon the advice of the defendant.

12th. That upon settlement between the said defendant and the said Humeston, the defendant debited the said Humeston with the amount of said accepted order.

The referee's conclusions upon the law of the case are as follows:

Upon a full consideration of the foregoing facts, the referee is of the opinion, 1st. That the debt of Humeston to the plaintiff for the lumber and material was due, and that the taking the accepted order postponing the payment of his debt against Humeston, was such an inconvenience to the plaintiff as will, in law, furnish a sufficient consideration to support the defendant's contract.

2nd. That there has not been a failure of consideration for the acceptance of the order by reason of Humeston's failure to complete the houses because Humeston was released from his obligation to complete the same by the said

Martin at his (Martin's) own suggestion, and with the advice and consent of the defendant.

3rd. That the said Martin having so released the said Humeston from his contract to complete the houses, the accepted order came due at the date of said release, to-wit : April 21st, 1884.

4th. That even if this were a case in which the plaintiff would be entitled to his election to sue either the principal or agent, that plaintiff has made his election by suing the defendant, but I am of the opinion that the right to sue the principal did not exist in this case, because it is an order for the payment of money, accepted by an agent in his own name alone, and not *per procuriatim.*

5th. That as there is no evidence to prove that the order and acceptance in this case was to be paid out of the last installment mentioned in said contract, the defendant should have protected himself against the individual liability he voluntarily incurred by his acceptance in his own name alone, by retaining in his hands so much of the $285 which he paid Humeston after the date of the acceptance as would be sufficient to pay the order which he had accepted, as the defendant's own testimony showing that the amount of the accepted order had been debited to Humeston in defendant's settlement with him, leaves no doubt in my mind of the plaintiff's right to his judgment in this action.

The declaration alleged that the houses were completed before suit brought, but this is denied by plea.

The appellant insists that as the order, the basis of this suit, was not to become due and payable until Humeston completed the houses, as per his contract with Martin, and that as the houses were not completed when suit was brought, he is not legally liable upon his said acceptance.

The principle of law is well settled, that a conditional acceptance does not become due until the happening of the

contingency upon which it is accepted. Myrick vs. Merritt, 22 Fla., 335; Newhall vs. Clark, 3 Cush., 376; Brockway vs. Allen, 17 Wend., 40.

The evidence in the case at bar as to whether the houses were completed when suit was brought is conflicting, the appellant swearing positively that they were completed at that time, and the appellee and Martin swearing that they were not completed at that time, but they both admit that the houses were then nearly or about completed. It was the duty of the referee to reconcile this conflict if he could, but failing to do so, it was his duty to discard any evidence he did not believe, and to render his findings upon the evidence he belived to be true, and this, we assume, he did, and in doing so he committed no error, because there is evidence that the houses were actually completed at the time. It is true that the referee does not state in his report that he found that the houses were completed before suit brought, still his judgment in favor of the plaintiff is consistent only with the theory that the houses were actually completed at that time, and this conclusion is sustained by the evidence. It was not necessary under the circumstances to show that the houses were completed by Hnmeston.

The judgment is affirmed.