Henry Burke, *Appellant*, v. Harvey R. Wallace, *Appellee.*

En Banc.

Opinion filed October 10, 1929.

*Willard & Knight*, for Appellant;

*Goodloe Warden, Jr.*, for Appellee.

MATHEWS, Commissioner:

The amended bill of complaint alleges the appellee on or about June 8th, 1925, agreed to purchase from the appellant certain lands in Dade county, Florida, at a purchase price of $34,000.00, payable one-quarter cash, balance three years, six equal installments, payable semi-annually.

The contract consisted of certain letters and telegrams written and signed by appellant offering said lands on above terms, which offer was accepted by appellee and payments by him made thereon are alleged to have amounted to $14,233.33.

Other material allegations of the bill are: That at the time of the negotiations appellant was only the equitable owner of said lands under an agreement to purchase from one Merrick and wife, which fact was not then known to appellee; that appellee has no muniment of title and no evidence of his purchase other than the original letters and telegrams set forth in the amended bill, and no instrument which he can place of record; that appellee has expected appellant to execute and deliver proper instruments of title showing the facts and terms of purchase and appellee at one time requested appellant to merely turn over to him the contract between appellant and the Merricks, which appellant declined to do; "that defendant, has breached his contract in not executing and delivering to complainant, within a reasonable time, proper muniments of title" and com-

plainant elects to rescind the entire transaction and demands return of the money paid with interest.

There was no agreement in the contract as made for execution by the parties of any further or other executory contract or sales agreement, and no agreement calling for an assignment to appellee of the contract of sale between appellant and the Merricks.

Appellee in his pleadings does not ask for specific performance of the contract already made nor offer to pay the remaining money due and to become due under the contract. The amended bill after praying for process and answer prays that the contract be rescinded; that appellee be given a decree for all moneys paid on the contract with interest; that same be declared a lien on the lands, and for general relief.

The appellant, omitting the formal parts, filed the following demurrer to the amended bill of complaint:

1. There is no equity in the amended bill of complaint.

2. It affirmatively appears that the complainant has an adequate remedy at law.

3. The allegations of said amended bill of complaint are not sufficient to predicate the relief prayed for in said amended bill.

4. The allegations of said amended bill of complaint fail to allege fraud and misrepresentation on the part of the defendant.

5. It affirmatively appears from said amended bill of complaint that the complainant has complied with the Statute of Frauds.

6. The allegations of said amended bill of complaint fail to show that the complainant has offered to do.

equity by tendering the balance remaining due and unpaid on said alleged contract.

7. The allegations of said amended bill of complaint consist only of matters of evidence and conclusions of the pleader.

8. It affirmatively appears from the allegations of said amended bill of complaint that the alleged contract referred to therein was an oral one.

9. It affirmatively appears from the allegations of said amended bill of complaint that the complainant has never complied with the provisions and conditions of said alleged contract.

The court below made an order overruling the demurrer to the amended bill of complaint from which interlocutory order the defendant entered his appeal and assigns as error the order of the lower court in overruling the demurrer to the amended bill of complaint.

The offer set forth in the letters and telegrams written and signed by the appellant and the acceptance thereof and making of the initial payment thereunder by appellee constituted a contract between appellant and appellee which embodied all the essentials of a contract for sale of lands as required under the Statute of Frauds. Tucker v. Gray, 82 Fla. 351, 90 So. R. 158.

In the absence of any agreement to the contrary the vendor need not have a good title at the time the contract is entered into. It is sufficient that the contract is made by the vendor in good faith and that he has such an interest in the subject matter of the contract, or is so situated with reference thereto that he can convey a good title at the proper time. 29 Am. & Eng. Encyc. Law (2 Ed.) 608; Sanford v. Cloud, 17 Fla. 532.

A vendor of lands under an executory contract of sale, in the absence of an agreement therefor, can not be required to acknowledge for record the contract already made nor enter into another executory contract with the same parties covering the same subject matter and upon the same terms and conditions so that same may be recorded or the buyer have in his possession a more detailed or explicit statement of the contract of sale existing between them.

Where the vendor is not in default, the vendee, in the absence of fraud on the part of the vendor in making the contract or some agreement between the parties providing therefor, will not be permitted to rescind and recover back money paid by him on the contract. Baston v. Clifford, 68 Ill. 67; 18 Amer. Rep. 547.

The amended bill of complaint is without equity and the interlocutory order of September 15, 1928, overruling the demurrer thereto is reversed.

PER CURIAM.—The record in this cause having been considered by the Court and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the order of the circuit court in this cause overruling the demurrer to the bill of complaint be, and the same is hereby, reversed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.