ROSE MORGANTHALER, et al., *Plaintiffs in Error*, vs. ED-WARD J. HOLL, *Defendant in Error*.

En Banc.

Opinion filed May 5, 1931.

■■■■■■

*Chas. F. Wells* and *Newlin & McCardell,* for Plaintiffs in Error;

No Appearance, for Defendant in Error.

BUFORD, C.J.—This was a suit brought by the assignees of a contract for the purchase and sale of certain real estate against the contract purchasers to recover certain installments on the purchase price. Judgment was in favor of the plaintiff in the court below.

The defendants took writ of error. There was a demurrer to the declaration which was overruled. Then certain pleas were filed. The pleas numbered 2, 3, 7, and 8 were demurred to and the demurrer sustained. Plea No. 2 alleged:

"That the plaintiff has no right, title or interest in and to the premises described in the declaration and in the contract declared upon, and is wholly unable to convey to these defendants the lands described therein.

Plea No. 3 alleged:

"That the plaintiff, nor his assignors, to-wit: Charles H. Eldred and his wife, Edith Eldred, have any right, title or interest in and to the premises described in the declaration and in the contract declared upon, and are wholly unable to convey to these defendants any title to said described property."

Plea No. 7 alleged a failure of consideration in that the vendors named in the contract had never owned the property which they agreed to convey; that they had never acquired title to the property but at the time the contract was made those contracting parties were under contract with one Elva A. Simpson to purchase the property from Simpson but that they abandoned their said contract to purchase the said property and by contract and agreement with the said Simpson relinquished to the said Simpson all right, title and interest in and to the property described in the contract and described in the declaration, and alleged that neither the original vendors named in the contract nor the plaintiffs had any right, title or interest in the lands described in the contract and for which the obligation sued on was given.

The 8th plea set up the same defense.

Demurrer was sustained to these pleas.

The allegations of the pleas above referred to constituted a good defense to the action and demurrers thereto should have been overruled.

In McKinnon vs. Johnson, 54 Fla. 538, 45 Sou. 451, it was said:

"Where a vendor is unable to make a good title as agreed he cannot in general compel the vendee to observe the agreement. 6 Pomeroy's Eq. Jur. # 808 et seq; 4 Pomeroy's Eq. Jur. # 1407."

See also Gable vs. Simmons, 129 Sou. 777, 39 Cyc. 1924 et seq., 27 R.C.L. 517.

For the reasons stated, the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.