P. W. KILCOYNE, *Appellant*, v. GOLDEN BEACH CORPORATION, a Florida Corporation. *Appellee.*

Division A.

Opinion filed May 16, 1931.

Petition for rehearing denied June 29, 1931.

*Kurtz & Reed,* for Appellant;

*Burdine, Terry & Fleming,* for Appellee.

ELLIS, J.—Golden Beach Corporation was the owner on February 15, 1924, of a lot of land described as Lot 3 Block "C" of Section "B" of Golden Beach, a subdivision in Section 35, Township 51 South, Range 42 East and Section 2 Township 52 South, Range 42 East as shown by map or plat recorded in Plat Book 9 page 52 Public Records of Dade County, Florida.

On that date the corporation entered into an agreement with Frank J. Ryan under which the corporation promised to "convey and assure" to Ryan in "fee simple, and clear of all encumbrances whatsoever by a warranty deed" the land above described if Ryan "shall first make all of the payments, both principal and interest, and shall also perform all of the covenants, and agreements hereinafter mentioned" on his part to be made and performed.

The purchase price of the land as agreed upon between the parties was $7,500. which was to be paid as follows: $1,125. cash, which was paid; $750. payable on or before May 25, 1924; $1,875. payable February 15, 1925; $1,875. payable February 15, 1926; and $1,875. payable February 15, 1927.

The purchaser agreed to pay all taxes, to comply with all building restrictions, to pay each and every one of the promissory notes which were executed in evidence of the deferred payments, to pay all costs and attorney's fees

reasonably incurred by the owner in collecting any sum of money under the agreement and to perform all the agreements, conditions and covenants promptly as required by the agreement.

The agreement contained an acceleration clause under which upon default in the payment of "money herein referred to, principal or interest" or neglect or refusal by the purchaser to comply with any of the agreements the entire sum remaining unpaid on the purchase price should become due and the owner might pursue his appropriate remedy for the collection of the amount due. The contract enumerated the restrictions applying to the use of the land and contained clauses providing for certain improvements to be made by the owner in the development of the subdivision. All notes except the last were paid and the interest upon that one to February 15, 1928, and the further sum of $21.87 was paid on account of the semi-annual interest due on July 15, 1928.

In August, 1928, Golden Beach Corporation exhibited its bill in chancery in the Circuit Court for Dade County against Frank J. Ryan and P. W. Kilcoyne and wife to enforce a vendor's lien, prayed that its "claim" be decreed to be superior in dignity to the claim of the defendants, that an accounting be made of the amount due under the contract, that the defendants be required to pay the amount found to be due by a short day with interest, costs and attorney's fees and in default of such payment that the "premises" be sold at public auction and the proceeds of the sale be applied to the debt found to be due and for a "deficiency judgment agreeable with the rules of practice in this State" in the event the amount realized at the sale was insufficient to pay the sum found to be due and for general relief.

A pro confesso decree was entered against Frank J. Ryan and afterwards confirmed by the court.

P. W. Kilcoyne answered the bill and averred that the property was covered by mortgages, that Frank J. Ryan assigned his interest in the contract to H. A. Naberhuis and George E. Warren. That in July, 1925, Naberhuis and wife entered into a contract with the defendant Kilcoyne to convey the land to him and that agreement was duly recorded; that before the institution of the suit Naberhuis and Warren executed and delivered to the complainant a quit-claim deed to the property. The defendant set up a counter claim for the amount of money which he had paid on the Naberhuis contract, which sum amounted to ten thousand two hundred and ninety-four dollars and sixty-three cents.

The case was referred to a master who reported his findings of fact as follows:

"I find that upon February 15th, 1924, the Golden Beach Corporation, a Florida corporation, executed an agreement to one Frank J. Ryan to convey to the said Frank J. Ryan upon the terms therein set forth, in Exhibit #1 hereto attached, Lot 3, Block "C", Section "D" of Golden Beach as more fully described in Complainant's Exhibit #1; that thereafter on October 15th, 1924, the said Frank J. Ryan assigned the said contract, Exhibit #1, to H. A. Naberhuis and George E. Warren, who became joint owners of the contract; that thereafter on July 10th, 1925, H. A. Naberhuis entered into a contract to convey said Lot 3 to the defendant, P. W. Kilcoyne, which said original agreement is marked "Exhibit C" of the Exhibit D-1 attached hereto; that thereafter on April 19, 1928, George E. Warren Quitclaimed any interest which he had in the property to the Golden Beach Corporation as shown by Exhibit C here-

to attached; that on the same date, to-wit, April 19, 1928, H. A. Naberhuis quit-claimed his interest to Golden Beach Corporation, by a quit-claim deed attached hereto as Exhibit B, in which Naberhuis added the statement that the Golden Beach Corporation was to assume and fulfill the Kilcoyne contract. That thereafter on August 1st, 1928 the complainant brought this action to foreclose the original contract given by the Golden Beach Corporation to Frank J. Ryan, and joined P. W. Kilcoyne as a party defendant.''

Upon those facts he reported his conclusions that there was due to the complainant $1,950.50 principal and interest to November 14, 1928; that complainant was entitled to recover taxes paid amounting to $95.00 cost of an abstract $15.00, and reasonable solicitor's fees amounting to $300.00; that Kilcoyne's interest, if any, was inferior to the complainant's; that the amount found to be due was a lien upon the property which should be sold to discharge the same.

Exceptions were entered by Kilcoyne to the Master's report which were denied and the Chancellor entered a final decree in which it was decreed that Ryan owed the complainant $1,950.50 and there was due to complainant from the defendants $95.00 on account of taxes, $15. for abstract ''making a total of $2,060.50 for principal, interest, taxes and abstract fees, together with all costs, charges and expenses of this suit, including the fees of the General Master. That such sums are hereby decreed to be liens upon the premises described in Complainant's Bill of Complaint''.

The decree orders Ryan and Kilcoyne to pay that sum to the complainant with interest at 8% per annum from November 14, 1928, upon $1,875. and in default that the property be sold. The Court reserved the question as to

whether a deficiency decree should be entered in the event the property did not sell for enough to discharge the debt decreed to be due.

From that decree Kilcoyne appealed.

The findings of fact by the master as quoted in the statement were correct. The evidence fully sustained the findings. The quit claim deed from Naberhuis and wife to Golden Beach Corporation dated April 19, 1928, contained a clause that the Golden Beach Corporation, "party of the second part hereby assumes and agrees to fulfill" the Naberhuis contract with Kilcoyne dated July 10, 1925, in which Naberhuis and wife agreed to convey the land to Kilcoyne for the price therein named and under which Kilcoyne had paid to Naberhuis $10,467.30.

It is apparent that there is no basis in equity for a decree against Kilcoyne because there was no indebtedness existing between him and the complainant. Without a debt there can be no lien and without a lien there can be no foreclosure. See Nelson v. Stockton Mtg. Co., .. Fla. .., 130 South. Rep. 764.

Neither Ryan, Naberhuis, Warren nor Kilcoyne had any interest in the Golden Beach Corporation-Rayon Contract. That contract had become extinguished so far as the corporation was concerned by the acquisition of all rights under it which were once held by Ryan and Naberhuis and Warren. The corporation had left the note against Ryan for $1875. enforceable at law but which could not be made the basis of a suit in equity against Kilcoyne.

Naberhuis agreed to convey the land to Kilcoyne and the record shows that never at any time has Naberhuis been in position to convey the land. That would be a good defense to any action by Naberhuis against Kilcoyne upon the contract. Kilcoyne had an action against Naberhuis to

recover the money paid on that contract when Naberhuis quit claimed to the Golden Beach Corporation. Hawkins v. Garrison, 97 Fla. 156, 120 South. Rep. 309; Morgenthaler v. Holl, decided this term; Mayer v. First National Co., 99 Fla. 173, 125 South. Rep. 909; Cox v. Gross, 97 Fla. 848, 122 South. Rep. 513; Peterson v. Howell, 99 Fla. 179, 126 South. Rep. 362.

The decree of the Chancellor is reversed with directions to dismiss the bill.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.