J. E. HARPER, *Plaintiff in Error,* vs. R. P. BRONSON, as Receiver of the Bank of Maitland, a corporatoin, *Defendant in Error.*

139 So. 203.

En Banc.

Opinion filed January 23, 1932.

*Hope Strong* and *G. P. Garrett,* Counsel for Plaintiff in Error;

*Maguire & Voorhis,* Counsel for Defendant in Error.

DAVIS, Commissioner.—R. P. Bronson, as Receiver of the Bank of Maitland, the plaintiff, as indorsee, sued J. E. Harper on three certain promissory notes made by him, dated the 20th day of November, 1925, payable to the order of W. B. Joiner, Trustee, on demand, one and two years after date, respectively. The declaration consists of three counts, one count being devoted to each of said notes. The defendant filed eleven ''second amended'' pleas to each and every count of the declaration severally. In the first amended plea, it was averred in substance that plaintiff acquired title, ownership and possession of the said notes after the maturity of same; that the consideration for the notes failed in that they were given by the maker to evidence the purchase price of certain real estate described in the pleas, under and by virtue of a contract for sale and purchase, wherein the purchaser (payee) covenanted and agreed to convey the said premises to the maker, free of incumbrances by a good and sufficient deed, upon payment of the purchase price; that subsequent to the making of the contract and prior to default by the purchaser, and while he was in full performance of the contract, and prior to the transfer of the said notes, the said W. B. Joiner, Trustee, conveyed by warranty deed the said property to the Union State Bank of Winter Park, and thereby breached and repudiated his said contract; that defendant entered upon the performance of the contract in good faith; that he was not at the time of the making of the contract or afterward, placed in actual possession of the premises, and that he has never been in actual possession of the same. It was also averred, that a copy

of the contract was attached to the plea as an Exhibit, and prayed to be taken as a part thereof, but such exhibit does not appear in the transcript as an exhibit to such pleas, though a contract does appear as "Exhibit A" to the original pleas.

The second, third, fourth and fifth pleas are similar to the first plea, with this exception; instead of alleging that subsequent to the making of the contract and prior to default by the purchaser, the plaintiff conveyed away the property, and (1) the second plea avers that the vendor was not then or at any time before the institution of the suit, the owner of the "contracted title" to the said premises, or in a position to convey or assure it in accordance with his contract, and that the defendant (purchaser) did not learn of the defects of title until long after the making of the contract, and that he believed at the time of making of the contract, the vendor had "full authority and full title to make said contract," (2) the third plea avers that the "action was instituted while said W. B. Joiner, Trustee, was in default under said contract", and that the defendant did not learn of defects in title and authority, until long after the making of the contract, (3) the fourth plea avers that neither the said vendor, nor the plaintiff, at any time prior to the institution of the action, tendered to the defendant a deed to the premises, or at any time offered to comply with the contract, or were in a position to comply therewith, (4) the fifth plea avers that at the date of the contract, and at all times since, the contract has been wholly unenforceable by the defendant, according to its terms, for the reason that the title to the property, at the time of the making of the contract, was in the said W. B. Joiner and three other persons, for none of whom Joiner was trustee, and for none of whom was he authorized to make the contract on their behalf, and for the further reason that each of the owners was married, and that Joiner had no authority as trustee to convey, or

agree to convey, the dower interest of the wives of the said owners or any of them, and that defendant did not learn of the defects of title and authority until long after the making of the contract, etc.

The sixth, seventh, eighth, ninth and tenth pleas are identical with the first five pleas, respectively, with the exception that they allege that the consideration for the notes was "wholly wanting" in lieu of having "wholly failed."

The eleventh plea purports to be based on equitable grounds, and shows a transfer of the notes after their maturity; that they were given to evidence payments to be made under the said agreement for the sale and purchase of the said real estate, to which the vendor never had title nor had been authorized by the owners to sell; that prior to the institution of the action, vendor had conveyed away the premises; that no tender of performance had been made by the vendor or the plaintiff; that W. B. Joiner, Trustee, at the time of institution of action, and ever since, was insolvent; that vendor did not put defendant in possession of the premises, and that defendant has never been in actual possession of same, for all and by reason of which defendant is entitled to a cancellation and rescission of the contract and the said notes.

The plaintiff demurred to each of said pleas severally, and this demurrer was sustained by the court. A judgment was entered upon the demurrer, and the cause is here for review upon writ of error.

Plaintiff in error has assigned separately as error, the ruling of the court sustaining the demurrer to each of the pleas.

If the demurrer was not good as to any one or more of the pleas as addressed to any one or more counts of the declaration, there should be a reversal of the cause.

Since a copy of the contract of sale and purchase does not appear in the transcript as "Exhibit 1" to the "second

amended" pleas, though made a part thereof, and the clerk was directed to copy said pleas in making up the transcript, we must assume that a copy of the said contract was not attached to the said pleas when they were filed, and though a copy of same was attached to and made a part of the original pleas, as shown by the record, we are precluded from referring to it for the purpose of determining the sufficiency of the said several second amended pleas. We must therefore, rely upon the legal effect of said contract as shown by the said several pleas to determine whether or not there was error in the ruling of the court sustaining the demurrer to them.

A demurrer admits all facts well pleaded that are not inconsistent with law. (Owen vs. Baggett, 77 Fla. 582, 81 So. 888; A. C. L. Ry. Co. vs. Crosby, 53 Fla. 400, 43 So. 318; Brown vs. Avery, 63 Fla. 355, 58 So. 34; Ann. Cas. 1914 A 90; Cornwell vs. Williford, 73 Fla. 305, 73 So. 795). It does not admit conclusions that are not sustained by proper allegations, or that are contrary to law. Byrne Realty Co. vs. South Florida Farms Co., 81 Fla. 805, 864, 89 So. 318; American F. Ins. Co. vs. King Lbr. & Mfg. Co., 74 Fla. 130, 77 So. 168.

The notes declared upon were given to evidence a part of the purchase price of land under a contract containing a covenant for a conveyance of the premises in fee simple by a good and sufficient deed, upon the payment of the purchase price thereof by the purchaser. The demurrer admits that the plaintiff acquired the title to the notes after maturity thereof, that the defendant was not placed in possession of the property and that he, the defendant, relying upon the promises of the vendor, was in full performance of the contract when the vendor, prior to default of the defendant, and prior to the transfer of said notes to the plaintiff, conveyed to Union State Bank of Winter Park all title that he held to the property.

In Kilcoyne vs. G. B. Corporation, 101 Fla. 1470, 136 So.

350, Mr. JUSTICE ELLIS, in speaking for the Court, used this language: "Naberhuis agreed to convey the land to Kilcoyne, and the record shows that never, at any time, has Naberhuis been in a position to convey the land. That would be a good defense to any action by Naberhuis against Kilcoyne upon the contract."

In Morganthaler vs. Holl, 101 Fla. 452, 134 So. 223, suit was brought by the assignees of a contract for the sale and purchase of certain real estate against the contract purchaser to recover certain installments on the purchase price. The defendant pleaded: (a) that the plaintiff had no right, title or interest in and to the premises described in the contract, and that he was unable to convey the said lands, (b) that the plaintiff, nor his assignors, had any right, title or interest in and to the premises described in the contract, and that they were unable to convey the said lands, (c) a failure of consideration in that the vendors had never owned the property which they agreed to convey; that they had never acquired title to the property, but at the time the contract was made, the vendors were under contract to purchase the property from another party, but that they had abandoned their said contract and by agreement had relinquished to such third party, all right, title and interest in said property, and that neither the vendors nor the plaintiffs had any right, title or interest in the said property for which the obligation sued on was given. In reversing an order sustaining a demurrer to the pleas, this court said: "The allegations of the pleas above referred to constituted a good defense to the action," and quoted from McKinnon vs. Johnson, 54 Fla. 538, 45 So. 451, 453, as follows:

"Where a vendor is unable to make a good title as agreed, he cannot in general compel the vendee to observe the agreement." See also 39 Cyc. 1924.

In the case at bar, amended plea No. 1, does not show that the vendor could not convey a good title at the time

the last payment was to have been made and the point is made by defendant in error that under the ruling in Sanford vs. Cloud, 17 Fla. 532, the plea is insufficient in that it does not show that the vendor did not have title to convey in accordance with the contract at the time of the maturity of the last note. This Court, beyond doubt, is committed to the doctrine that one has a right to sell land, even though he does not have a legal title to it at the time of making the contract; it being sufficient that the contract is made in good faith, and that the vendor has such interest in the subject-matter, or is so situated with reference thereto that he can convey good title at the proper time. Peterson vs. Howell, 99 Fla. 179, 126 So. 362; Burke vs. Wallace, 98 Fla. 604, 124 So. 30; Sanford vs. Cloud, 17 Fla. 532. But it is also averred in the plea that the defendant was not placed in possession of the property and has never been in possession of the same, and that the vendor had conveyed away the property by warranty deed to a third party. In Stanley vs. Anthony Farms, 93 Fla. 295, 112 So. 57,—an action by vendee for breach of a contract to convey land,—the court said: "Where a vendor who has contracted to convey land upon the payment of certain amounts, before the time for payment arrives notifies the purchaser that he will not carry out the contract, and sells the same land to a third party, he thereby breaches the contract, and the purchaser may immediately sue for the breach thereof without a tender of performance on his part." This case quotes from Hall vs. Northern & Southern Co., 55 Fla. 235, 46 So. 178, as follows:

"Where a bilateral contract is made for future performance, and before the time for performance arrives one party positively and unequivocally repudiates the entire contract, or voluntarily puts it out of his power to perform his part, the other party may treat the contract as rescinded; and in many cases injured parties

have brought actions as for a breach even before the time for performance under the contract has arrived. See Thompson vs. Kyle, 39 Fla. 582, 599, 23 So. 12; 63 Am. St. Rep. 193; 14 Har. Law Rev. 317-427; 9 Cyc. 635-637, and authorities cited.''

In Gabel vs. Simmons, — Fla. —, 129 So. 777, the Court said:

''It was also alleged in the second count of the declaration and supported by undisputed evidence that defendant did not have title to said property, but merely had an interest in said land under an agreement for deed, and that subsequent to the execution of the agreement for deed to plaintiffs on August 28, 1925, and before plaintiffs as vendees had defaulted in any payment, the owners of said property conveyed same by warranty deed to one D. J. Conroy and others, who in turn immediately conveyed it to other named parties. The above conditions may not have put it beyond the power of defendant to ultimately convey said property to plaintiffs, but they at least established an additional ground for a suit for the return of the first payment.''

From these cited cases it may be deduced that the plea, on demurrer is good. Though vendor had previously conveyed the property to a third party, if, at the time when the last payment should have been made, he was in a position to convey good title, and the contract had not been rescinded by the defendant, the latter cannot avoid liability thereon. In such event the force of the plea may be avoided by proper replication.

Second amended plea No. 2 is so like the pleas that were held to be good in the case of Morganthaler vs. Holl, supra, it must be held sufficient under the decision in that case.

Second amended plea No. 3 is clearly insufficient and no error was committed in sustaining the demurrer thereto. The averment therein that ''this action was instituted while said W. B. Joiner, Trustee, was in default under said contract'' with no allegations of fact to sustain it,

is merely a statement of the conclusion of the pleader and renders the plea bad.

The demurrer should not have been sustained to the second amended plea No. 4, for the reason that when an agreement of the vendor to convey a good title, and of the purchaser to pay the purchase price are dependent, the purchaser will not be compelled to pay out his own money "in strict performance of his covenants" when the vendor cannot or will not perform on his part "material acts which are to be concurrently done, and which are not merely subordinate or incidental, but go to the entire consideration which supports the promise" of the purchaser to pay. Walker vs. Close, 98 Fla. 1103, 125 So. 521; Vance vs. Roberts, 96 Fla. 379, 118 So. 205; Sun City Holding Co. vs. Schoenfeld, 97 Fla. 777, 122 So. 252; Sanford vs. Cloud, 17 Fla. 533. In such case, the duty devolves upon the vendor to offer, and at the same time be able, to convey a good title to enable him or those standing in his place, to maintain an action against the purchaser for the purchase money. Miami B. & M. Co. vs. Bell, 101 Fla. 1291, 133 So. 547; 27 R. C. L. 615; Note, 21 L. R. A. (N. S.) 380.

But it is argued here in brief of appellee, that the agreement of the vendor to convey and of the purchaser to pay the purchase price of the land, are not dependent, but independent and that the rule just referred to does not apply in this case, and that the promise to pay contained in the promissory notes in suit, is an independent covenant. The case of Walker vs. Hewitt, 109 Oregon 366, 220 Pac. 147, is cited to support the proposition. If such contention is well founded, the action will lie for the balance due on the unpaid purchase money evidenced by the notes, though there has been no conveyance or offer to convey on the part of the vendor. 27 R. C. L. 611.

The notes given by the defendant representing the unpaid purchase money under the contract, were incident

to one of the covenants thereof, and the action on the notes recognizes the contract as in force and effect, and is an action for a part of the purchase money (Porter vs. Tanner, (Wyo.) 216 Pac. 1069, 30 A. L. R. 624, 628). As stated in Acme Food Co. vs. Alder (W. Va.), 61 S. E. 235; 17 L. R. A. (N. S.) 807, 820,

"In some respects, the note is one thing and the executory contract upon which it is based, another. As to right of action, pleading, and evidence, each stands on its own footing, but, in substance, in the settlement of the ultimate rights of the parties, both are to be considered together. The giving of the note did not take away any of the rights of either party respecting the executory contract of sale out of which it grew or on which it was based. If the purchaser had refused to deliver the goods (deed to land as is in this case), that fact could have been proven as constituting a total failure of consideration by way of full defense to the action on the note. In most of the jurisdictions the note is regarded as having had no effect beyond that of postponing the right of action on the original contract until the expiration of the period of credit stipulated in the note. It was not payment in advance for the property."

This Court has held that where an executory contract is the sole consideration for a negotiable note, the contract and its breach may be shown in defense of an action on the note by a holder who took it with knowledge of the contract. Sumter County State Bank vs. Hays, 68 Fla. 473, 67 So. 109. This case, however, involved notes which had been conditionally delivered. See also, Odlin vs. Stuckey, 76 Fla. 42, 80 So. 291, and Barcus vs. Wood, 92 Fla. 763, 110 So. 265.

If the notes declared upon were given to evidence part of the purchase price, (and this is admitted by the demurrer) some of the payments became due before the duty devolved upon the vendor to convey the land by a good deed. We therefore, have a case before us in which the covenants to make the payment, except the last note (in-

stallment), are independent covenants, but the covenant of the purchaser to make the payment evidenced by the note last maturing, and the covenant of the vendor to make a good and sufficient deed upon the payment of the purchase price of the land, are dependent covenants. Walker vs. Close, supra; Woods-Hoskins-Young Co. vs. Dittmarr, 102 Fla. 1000, 136 So. 710. If upon maturity of the first two notes, suit had been brought thereon, it would not have been necessary for the plaintiff to allege and prove a tender of deed or offer to perform, but in an action for the payment of the last note, or for the whole sum after all notes have become due, and no prior action on any of them, it is necessary both to aver and prove a tender of deed, or offer to perform the covenants of the vendor. Robinson vs. Harbour, 42 Miss. 797; 2 A. R. 671, 676; Runkle vs. Johnson, 30 Ill. 328; 83 A. D. 191; Beecher vs. Conradt, 13 N. Y. 108; 64 A. D. 535; Hogan vs. Kyle, 7 Wash. 595; 38 A. S. R. 910; Note, 4 Ann. Cas. 791; 27 R. C. L. 611.

In the light of the authorities we have cited, and in view of what we conceive to be the better rule, we can not follow Walker vs. Hewitt, supra.

This amended plea No. 5, is silent as to the ability of the vendor to convey at the time payment of the note last maturing came due. Title could have been in the vendor and four other persons at the time the contract was entered into, and the vendor may have been without authority, as *trustee* or as agent of the others, and their respective wives, to make the contract, and yet he could have acquired their interests and been in a position to make a good and sufficient deed when the time came for him to convey in compliance with the terms of the contract. In the absence of an allegation that the plaintiff had no title to the land, and that he was unable to convey the same, the court committed no error in sustaining the demurrer to the plea.

Amended pleas Nos. 6, 7, 8, 9 and 10 are grounded upon a want of consideration.

The executory contract of the vendor to convey the land was a sufficient consideration for the promise of the purchaser to pay for the land, irrespective of the validity of the title which the vendor had (8 C. J. 231) and notwithstanding the fact that part of the purchase price was evidenced by promissory notes, payable at some future time. 8 C. J. 229; 3 R. C. L. 936.

It has been held here that when a man enters into a solemn contract in writing, whereby he binds himself to deliver good title to certain property, he is presumed to know whether or not he can carry out that contract, and the purchaser may assume and rely upon the good faith of the contract. Key vs. Alexander, 91 Fla. 975, 108 So. 883; Peterson vs. Howell, 99 Fla. 179, 126 So. 362; Burke vs. Wallace, 98 Fla. 604, 124 So. 30.

In the West Virginia case of Acme Food Co. vs. Alder, supra, it appears that a note was given for the price of goods under an executory contract between the seller and the purchaser, and in the discussion of the case, the court said: "The note was a mere promise; it was not given without consideration, for the executory contract of sale was a sufficient consideration at the time it was given. It was a valid note resting upon a valid consideration. Therefore, an action could be maintained upon it. In the absence of proof of failure of consideration, fraud in the procurement thereof, payment, or set-off, the whole thereof would be recoverable. But, if the thing for which the note was in reality given failed, this could be shown by way of defense in whole or in part, as the case happened to be." We concur in that statement. It follows that no error was committed by the court in sustaining the demurrer to amended pleas 6, 7, 8, 9 and 10.

Amended plea No. 11 purports to be a plea on equitable grounds. Pleas on equitable grounds in actions at law are

purely defensive, and are never admissible when they raise issues with which the common-law side of the court is competent to deal. Pensacola Lumber Co. vs. Sutherland-Innes Co., 50 Fla. 244, 39 So. 789; Robinson vs. First National Bank, 42 Fla. 504, 29 So. 325; Spratt vs. Price, 18 Fla. 289; Marshall vs. Bumby, 25 Fla. 619, 6 So. 480. The matters set out in the plea are available as a defense at law, as shown herein. The court committed no error in sustaining the demurrer to it.

The judgment is reversed and the cause is remanded with directions to proceed in accordance with the views herein expressed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing Opinion prepared under Chapter 14553, Acts 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below be, and the same is hereby, reversed and the cause is remanded for further proceedings in accordance with the views therein expressed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.