CORAL GABLES *v.* MARKS.

4-4003

Opinion delivered October 21, 1935.

*Joseph R. Brown,* for appellant.

*Hill, Fitzhugh & Brizzolara,* for appellee.

MEHAFFY, J. This case was, by agreement, tried before the circuit judge sitting as a jury. The appellant requested findings of law and fact by the court, which requests the court refused. At the request of the appellee, the following findings of law and fact were made by the court:

"1. The court found defendant agreed to buy lot 6, block 104, Riviera Addition to Coral Gables, Florida, August 1, 1925, for $4,275. He paid $1,068 and gave his note evidencing the balance of $3,206.25, payable in monthly installments of $89.06; last installment due September 1, 1928, the maturity date of the note.

"2. Defendant paid twelve installments on said note amounting to $1,068.72.

"3. The purchase contract provided the property would be conveyed to defendant in fee simple upon payment of the purchase price.

"4. Said note and contract were assigned by the vendor to Burcham Harding, September 25, 1925, and the same day vendor gave Harding a mortgage on said lot, as well as other properties. Said note and contract were reassigned to the present plaintiff in 1929.

"5. Said Harding assigned the mortgage upon said property to Coral Gables Properties, Inc., and said mortgage had not been released according to the evidence.

"6. Coral Gables Corporation, vendor, ceased to exist in 1929, and plaintiff, Coral Gables, Inc., was organized that year. Defendant's note and contract were assigned to plaintiff in 1929, but the mortgage given to Harding was not assigned to plaintiff, but to Coral Gables Properties, Inc.

"7. When vendor contracted to sell property to defendant and took his note, it had no title to the property, but an option from the Rellim Investment Company for a sum satisfactory to said company. Later plaintiff secured a similar option from said Rellim Investment Company, giving it the option held by the vendor.

"8. Rellim Investment Company owned said lot when defendant executed his note and contract with Coral Gables Corporation, and continued to own same until December 9, 1931, when it conveyed same to the York Corporation, and the York Corporation had title to said lot until it conveyed same to plaintiff, March 1, 1932.

"9. Coral Gables Properties, Inc., holds a mortgage on said property given by vendor to Burcham Harding and assigned by Harding to it, which mortgage under the testimony has not been satisfied.

"10. Neither the vendor nor the plaintiff owned the said property when the note and contract with the defendant were made, and title was not acquired to the said property until March 1, 1932, long after maturity of said note, which property has ever since been subject to the above-mentioned mortgage.

"11. Plaintiff filed a suit in this court against defendant on March 23, 1931, and did not tender a deed nor

allege it was able to deliver good title to plaintiff. March 23, 1931, defendant filed answer in said action, setting up defenses raised in the present action, and in said answer defendant rescinded said contract because of plaintiff's breach. October, 1931, plaintiff took a nonsuit without prejudice.

"12. Before maturity of said note defendant learned the vendor had no title to the property and had not paid for improvements under the contract and was insolvent, and he ceased paying installment for said reasons.

"13. Under the contract vendor was to pave the streets and construct sidewalks and install water main and electric feed wires, similar to such improvements in similar improved sections of Coral Gables.

"14. That neither vendor nor plaintiff made or paid for said improvements under the contract."

There was evidence to sustain the findings of fact by the court. The court also found that the appellant violated the terms of the contract of purchase, and appellee rescinded the contract, and, under the facts found, appellant could not recover, and judgment was entered for the appellee.

Appellant says the issues are definitely defined. It submits its position is that of a holder in due course of the note in controversy, and therefore defenses urged by the appellee are cut off. Appellant says, however, even if appellee took said note with equities, all requisites of the purchase contract have been complied with, and the appellant should have judgment against the appellee.

A holder in due course, as defined by the Negotiable Instrument Law, is "one who has taken the instrument under the following conditions:

"(1) That it is complete and regular upon its face;

"(2) That he became the holder of it before it was overdue and without notice that it had been previously dishonored, if such was a fact;

"(3) That he took it in good faith and for value;

"(4) That at the time it was negotiated to him, he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." Crawford & Moses' Digest, § 7818.

It is earnestly contended by the appellant that the uncontroverted proof shows that appellant is a holder in due course of the note sued on, and is not subject to the equities which may exist between the maker and the original payee.

We do not agree with appellant in this contention. We think there was substantial evidence to sustain the court's finding that appellant was not a holder in due course, and the finding of a court, when sitting as a jury, has the same force and effect that a jury's verdict would have, and, if there is any substantial evidence to sustain it, it will not be disturbed by this court.

Appellant calls attention to the case of *Miami Bond & Mortgage Co.* v. *Bell,* 101 Fla. 1291, 133 So. 547, and the *Sumpter County State Bank* v. *Hays,* 68 Fla. 173, 67 So. 109, and says that the first of these cases is not in point.

The court, however, in the Bell case, recognized the rule that where a contract for the sale of land and the covenant of vendee to pay the purchase price and the covenant of vendor to convey are dependent, and both covenants are to be performed at the same time, the tender of a deed is a condition precedent to an action at law to recover the total purchase price.

Appellant also contends that the case of *Sumpter County State Bank* v. *Hays,* 68 Fla. 173, 67 So. 109, is not in point. The court in that case held in effect that where an indorsee takes a negotiable note with knowledge of an executory contract that is the sole consideration for the note, such indorsee is not a holder in due course within the meaning of the negotiable instrument statute.

In the instant case there were involved three separate corporations. The first made the contract with the appellee, but all of the parties who became interested subsequently, knew all about the facts. They were bound to know the facts from the contract and notes itself.

The negotiable instrument statute, among other things, provides that a holder in due course is one who becomes a holder of it before it is overdue and without notice that it had previously been dishonored, if such was the fact, and he must also have taken the note in

good faith and for value, and he must have had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

The facts in the instant case show that at the time the note was negotiated to the appellant, it had notice of the infirmity; it knew that the vendor had not complied with the contract; it knew that the vendor did not have title and could not convey.

The Florida court also said: "When an agreement of the vendor to convey a good title and of the purchaser to pay the purchase price are dependent, the purchaser will not be compelled to pay out his own money 'in strict performance of his covenants' when the vendor cannot or will not perform on his part 'material acts which are to be concurrently done, and which are not merely subordinate or incidental, but go to the entire consideration which supports the promise' of the purchaser to pay. * * * In such case, the duty devolves upon the vendor to offer, and at the same time be able to convey, a good title to enable him or those standing in his place to maintain an action against the purchaser for the purchase money." *Harper* v. *Bronson*, 104 Fla. 75, 139 So. 203.

In the instant case, in the original suit to collect the note, no tender of deed was made, and the appellant took a nonsuit. In the present suit the appellant offered to convey, but according to the evidence it could not convey. The court, in its finding of facts, stated in paragraph 10: "Neither the vendor nor the plaintiff owned the said property when the note and contract with defendant were made, and title was not acquired to the said property until March 1, 1932, long after maturity of said note, which property has ever since been subject to the above-mentioned mortgage." ·

Appellant calls attention to the case of *Jockmus* v. *Claussen & Knight, Inc.*, 47 Fed. (2d) 766. The court there held that one might become a holder in due course unless there has been a breach of the contract to the knowledge of the purchaser.

In the instant case we think the proof clearly shows, and the court so found, that there had been a breach of the contract to the knowledge of the purchaser.

Appellant contends that, in addition to its rights as a holder in due course, the contract which formed the consideration of the note has been complied with. The undisputed proof shows that the property is mortgaged, and that the appellant could not convey a marketable title.

We hold that under the evidence in this case the appellant was not a holder in due course; that it knew all about the infirmities; and knew about the breach of the contract by the vendor; and it is unnecessary to discuss the other questions raised by the parties.

The judgment of the circuit court is affirmed.