404 So.2d 820 (1981)
Eugene J. PARKER, et al., Appellants,
v.
James W. WEISS, Appellee.
No. 00-265.
District Court of Appeal of Florida, First District.
October 13, 1981.
J.W. Harrell of Harrell & Perrine, Jacksonville, for appellants.
Herman S. Paul of Lewis, Paul, Isaac & Castillo, Jacksonville, for appellee.
PER CURIAM.
Appellants seek review of the trial court's order requiring specific performance of a contract to convey realty. They assert the trial court erred because the contract lacked consideration and mutuality and because appellee refused to perform the terms of the contract.
During the early fall of 1977, appellants were experiencing financial difficulties and were faced with the possible foreclosure of their home. On September 28, 1977 appellants' position notably worsened when the mortgage holder filed a foreclosure action. Weiss, a real estate broker subsequently approached appellants concerning the possibility of purchasing their home. On November 15, 1977, the parties entered a "Deposit Receipt & Purchase and Sale Agreement" providing for the sale of the home for $21,000 and for receipt of a $500 note which the purchaser, Weiss, retained as "agent." A judgment of foreclosure was entered on November 23, 1977 which provided the home would be sold by the clerk of the court on December 15, 1977 unless the Parkers paid the mortgage before that *821 time. Although the contract included a provision for assumption of the outstanding mortgage, the mortgagee refused to permit Weiss to assume it. Nevertheless, Weiss was able to make other arrangements to pay off the mortgage. Appellants, however, were also able to secure sufficient financial backing to satisfy the foreclosure judgment. Although Weiss's attorney notified appellants of several different closing dates, neither appellants nor their attorney appeared. Weiss then filed this action for specific performance which resulted in a final judgment rendered against appellants requiring them to specifically perform the contract conveying the realty. Appellants appeal this judgment.
Appellants are correct in asserting a contract for the sale of realty, like other contracts, must be supported by consideration. In this case, the purchaser's promise to pay in exchange for the vendors' executory agreement was sufficient to form a binding contract. Harper v. Bronson, 104 Fla. 75, 139 So. 203 (1932). Therefore, we need not reach the issue of whether the note retained by Weiss constitutes sufficient consideration. There must also be mutuality of obligation and remedy before specific performance is an appropriate form of relief. Con-Dev of Vero Beach, Inc. v. Casano, 272 So.2d 203 (Fla. 4th DCA 1973). This contract evinces mutual covenants sufficient to sustain this requirement. Although appellants assert Weiss refused to perform the terms of the contract, Weiss testified he attempted to close the sale on three occasions and that he was prepared to pay off the mortgage. This is sufficient record evidence to affirm the trial court's finding that Weiss was prepared at all times to purchase the property. Accordingly, appellants have failed to demonstrate reversible error. The final judgment is, therefore, AFFIRMED.
McCORD, MILLS and THOMPSON, JJ., concur.